IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAKTINE ALPHONSO MOORE, )<br>JOBITA WILLETTA AVERY, )<br>)<br>Defendants. ) | 4:09CR3091<br><br>MEMORANDUM AND ORDER |

The defendants have been charged with conspiring to possess and distribute crack cocaine from April 1, 2005 through October 31,2008.  Filing No. 1.  The defendants' pending motions for bill of particulars seek an order requiring the government to disclose the identity of all known co-conspirators; when, where, and how these alleged co-conspirators joined, left and contributed to the conspiracy; what overt acts the defendants allegedly performed, and when, where and with whom those acts were performed; and whether the defendants or any co-conspirator provided information to the government.   ( Filing nos. 42 & 44).  The defendants claim they must receive a bill of particulars in order to defend against the pending charges and protect themselves from subsequent prosecution for the same alleged offenses.

>   If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009).

The government's brief describes the information it has already disclosed to the defendants as follows:

> The documents already provided to defense counsel set out the individuals with whom Jaktine Moore and Jobita Avery conspired to distribute crack cocaine. It includes the time frame of these associations, the amounts of drugs involved, locations of sales, parties involved, information provided by cooperating witnesses regarding the conspiracy and the defendant's involvement and other general information the government believes will be presented at trial. These materials have provided the defendant with adequate notice of the charges and afford him a full and fair opportunity to prepare a defense.

Filing No. 54, at CM/ECF p. 3. The government's brief includes four detailed paragraphs explaining its theory of the case by naming the alleged co-conspirators and describing the transactions performed and the month and year of those alleged events. See filing no. 54, at CM/ECF pp. 4-5. The government further states, "Any additional information that the government obtains, including any further details or specifics, will be disclosed to the defendant before trial." Filing No. 54, at CM/ECF p. 6.

The defendants are not entitled to further information, and their motions for bill of particulars will be denied. Livingstone, 576 F.3d at 883-84 (denying the defendant's motion for bill of particulars where "the government explained its theory of the case, noted that it had already provided [defendant] with considerable discovery, including the names of its witnesses, and stated that it would disclose more information about the witnesses before trial.").

Accordingly,

IT IS ORDERED:

1) The defendants' motions for bill of particulars, (filing nos. 42 & 44), are denied.

2)   The trial of this case remains scheduled to commence before the undersigned on December 7, 2009.

DATED this 26th day of October, 2009.

                                              BY THE COURT:

                                              *Richard G. Kopf*
                                              United States District Judge