IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3091 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAKTINE ALPHONSO MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

The defendant has filed three pro se motions:  a Motion to Dismiss (filing no. 49); a Motion to Reconsider Detention, (filing no. 50), and a "Motion to Obtain Remainder of or Related Writings of Recorded Statements," (filing no. 51).

The defendant seeks dismissal of the indictment because the government's evidence is not credible.  This argument lacks merit.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the  merits. The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956).  "It is the jury's role, not the judge's, to find the facts essential to a criminal conviction." United States v. White Horse, 807 F.2d 1426, 1429 (8th Cir. 1986).  The defendant's motion to dismiss, (filing no. 49), will be denied.

The defendant has moved to reconsider his pretrial detention. The court has previously reconsidered and denied defendant's request for pretrial release. See filing no. 41. The defendant has not shown a change of circumstances warranting further reconsideration. The motion to reconsider detention, (filing no. 50), will be denied.

The defendant's "Motion to Obtain Remainder of or Related Writings of Recorded Statements," (filing no. 51), requests discovery. The defendant failed to comply with the meet and confer requirements of the local rules before filing this motion. NECrimR 12.3(b)(3) . Defendant's motion, (filing no. 51), will be denied.

IT IS ORDERED:

1)    Defendant's Motion to Dismiss (filing no. 49), is denied;

2)    Defendant's Motion to Reconsider Detention, (filing no. 50), is denied;

3)    Defendant's Motion to Obtain "Remainder of or Related Writings of Recorded Statements," (filing no. 51), is denied.

4)    Defendant Moore is advised that, as a represented party, it is inappropriate to file documents with the court directly, and all future filings shall be made through his attorney.

DATED this 29th day of October, 2009.

                              BY THE COURT:

                              *Richard G. Kopf*
                              United States District Judge