IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                                              )<br>                           Plaintiff,        )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>JAKTINE ALPHONSO MOORE,        )<br>                                                              )<br>                           Defendant.    ) | Case No. 4:09CR3091<br><br>**TENTATIVE**<br>**FINDINGS** |

I am in receipt of the presentence investigation report in this case. The defendant has filed several objections and motions.

IT IS ORDERED that:

(1)     The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See, e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.[2]

(2)     All of the objections and motions will be resolved at the previously scheduled evidentiary hearing and sentencing including specifically (a) the "crack" cocaine variance

---

[1]However, I will no longer give the Guidelines "substantial weight."

[2]*See* note 1.

motion predicated upon my previously declared decision to follow Senate Bill 1789 in most crack cases (filing 209 (improperly docketed as submitted pursuant to Amendment 709))[3]; (b) the objections (filing 210) to the presentence report including an objection to drug quantity, an objection to the obstruction of justice enhancement, an objection to the career offender enhancement and the claim that the limitations period in 21 U.S.C. § 851(e) is unconstitutional; (c) the motion (filing 212) denying the government's Information including the following assertions: that the limitations period found in 21 U.S.C. § 851(e) is unconstitutional, that the alleged two prior convictions arose out of the same incident and are the same crime, that one crime may have involved equipment and not drugs, that one crime involved simple possession and that the defendant received ineffective assistance of counsel during the prosecution of both alleged offenses.

(3)     Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be

---

[3]If defense counsel does not have a copy of my Memorandum dated May 25, 2010 regarding a refinement in how I approach variances using the 18 to 1 ratio counsel may secure a copy by contacting my chambers, the Federal Public Defender who has been ordered to make copies available to panel attorneys or Mr. Ford, the probation officer assigned to this case.

adopted and relied upon by me without more.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

(7)     USPS Craig Ford shall be prepare and submit to the undersigned and counsel a calculation of the base offense level using an 18 to 1 ratio for "crack" where there are multiple drugs in conformity with my Memorandum dated May 25, 2010.  That calculation shall be provided as soon as reasonably possible, and no later than the commencement of the sentencing hearing.  ***The Clerk shall deliver a copy of these Tentative Findings to Mr. Ford and call this paragraph to his attention.***

June 8, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge
