IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3091 |
| | ) | |
| v. | ) | |
| | ) | |
| JAKTINE ALPHONSO MOORE, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

    Jaktine Alphonso Moore (Moore) filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion[1]. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that he is not entitled to relief.

    After a jury convicted Moore of a drug conspiracy and found beyond a reasonable doubt on February 1, 2010, that Moore was responsible for 50 grams or more of crack cocaine and 500 grams or more of cocaine (filing no. 143), and after the government proved beyond a reasonable doubt that he had previously been convicted of two or more prior felony drug convictions (filing no. 221 (minute entry)), I sentenced Moore to a mandatory term of life in prison on July 1, 2010. (Filing no. 226.) His conviction and sentence were affirmed on appeal. *United States v. Moore*,

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

    The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

No 10-2577, 411 Fed.Appx. 922, 2011 WL 693261 (8th Cir. 2011) (unpublished) (filing no. 241). On June 1, 2012, I denied Moore's section 2255 motion (filing no. 269) and the Court of Appeals dismissed the appeal and denied an application for certificate of appealability on December 6, 2012. (Filing no. 287.)

On June 17, 2013, the Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (finding as to whether defendant had brandished, as opposed to merely carried, firearm in connection with crime of violence, because it would elevate mandatory minimum term for firearms offense from five to seven years, was element of separate, aggravated offense that had to found by jury, regardless of what sentence defendant might have received if different sentencing range had been applicable). On October 27, 2014, Moore filed a second section 2255 (filing no. 309) motion based upon *Alleyne*.

I deny Moore's second motion upon initial review for a variety of reasons. Initially, the motion is untimely. As I read 28 U.S.C. § 2255(f)(3), Moore had one year from June 17, 2013 (the date *Alleyne* was decided) to file this second § 2255 motion assuming, without deciding, that the other prerequisites of that portion of the statute have been satisfied.[2] He missed the mark by over four months. He has made no sufficient showing that would warrant tolling this limitation period.

Furthermore, and perhaps more importantly, *Alleyne* does not apply here because the United States Court of Appeals for the Eighth Circuit has said so. *United States v. Wright*, 739 F.3d 1160, 1171 n.3 (8th Cir. 2014) (crack cocaine case; "Wright challenges his sentence on the ground that the district court improperly imposed a

---

[2]Additionally, Moore has not obtained permission from the Court of Appeals to file this second motion as required by 28 U.S.C. § 2255(h). For that reason alone, the motion should be denied. That said, to assist the Court of Appeals in the expeditious processing of this matter should such a certificate be sought later, I have addressed the timeliness and the merits of Moore's second motion.

mandatory minimum life sentence under 21 U.S.C. §§ 841 and 851 without a jury finding his prior drug conviction beyond a reasonable doubt. Wright relies primarily on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. ––––, 133 S.Ct. 2151 (2013). However, in *United States v. Abrahamson*, we held that the Supreme Court 'in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception the general rule that facts increasing the prescribed range of penalties must be presented to a jury.' 731 F.3d 751, 752 (8th Cir.2013).")

    IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 309) is denied and dismissed with prejudice.

2. No certificate of appealability will be issued.

3. A separate judgment will be issued.

DATED this 9th day of December, 2014.

                                BY THE COURT:

                                *Richard G. Kopf*
                                Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.