IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 4:09CR3091 |
| V. | ) ) | |
| JAKTINE ALPHONSO MOORE, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

Jaktine Alphonso Moore (Moore) has filed his fourth Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I deny the motion and dismiss it with prejudice.

Moore challenges the use of a Colorado conviction that was used to render him a career offender. (Filing no. 1 at CM/ECF p. 2 (Ground One).) He says that the conviction was *not a crime of violence*. There are a variety of reasons why this allegation must be denied.

I will only detail a few of those reasons.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

First, Moore was *not* enhanced as a career offender for *a crime a violence*. He was statutorily enhanced for *two felony drug cases*.² 21 U.S.C. 841(b)(1)(A); 21 U.S.C. § 851(a)(1); filing no. 106. Second, he attacked that career offender enhancement on direct appeal without success. *United States v. Moore*, 411 F. App'x 922, 924, 2011 WL 693261 (8th Cir. 2011). Moore may not litigate again in this section 2255 proceedings a claim that was presented to the Court of Appeals on direct appeal and denied even though the claim is presented in a different garb. *See*, *e.g.*, *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (an issue raised and decided against a moving defendant on direct appeal will not be reconsidered on a motion under § 2255 even though it may be presented "in different clothes . . . ."). Third, this fourth § 2255 motion is successive and the Court of Appeals has not given him leave to file a successive action. 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A).

Finally, a movant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

---

²"The defendant is a career offender as defined within U.S.S.G. § 4B1.1(a). Mr. Moore was at least eighteen years old at the time he committed the instant offense of conviction, the offense of conviction is a felony that is a controlled substance offense, and he has two prior felony convictions for controlled substance offenses. Mr. Moore has convictions for Possess/Sale of a Schedule I or II Controlled Substance in Arapahoe County District Court, Case #93CR1232, and Possess/Sale of a Schedule III Controlled Substance, Adams County Combined Court, Case #93CR1155. The instant offense of conviction is a Class A felony; therefore, Mr. Moore's base offense level becomes 37 under U.S.S.G. § 4B1.1(b)(A)." (Filing no. 228 at CM/ECF p. 12.)

IT IS ORDERED the Motion to Vacate (filing no. 368) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be issued.

DATED this 1st day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge