IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3091 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JAKTINE ALPHONSO MOORE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before me is a motion to reduce the mandatory life sentence[1] I imposed on Mr. Moore. I now grant the motion in part and reduce his prison sentence to 360 months.

The very experienced supervising probation officer has filed a *2019 First Step Act Retroactive Sentencing Worksheet* finding Mr. Moore is eligible for a sentence reduction under § 404(b) of the *First Step Act*, that a life sentence is no longer mandatory,[2] and that I should reduce the sentence from life to 360 months, which is at the bottom of the now-applicable Guidelines range. Filing no. 389. Because Mr.

---

[1] This sentence was based, *at that time*, on statutory enhancements under 21 U.S.C. §§ 841(b)(1)(A) & 851 because Mr. Moore had two or more prior qualifying felony drug offenses.

[2] The *First Step Act* applied the drug-quantity provisions of the *Fair Sentencing Act*. The indictment in this case charged 50 grams or more, but not 280 grams or more. Accordingly, the crime of conviction must now be considered a "B felony" under 21 U.S.C. § 841(b)(1)(B)(iii). Thus, Moore avoids the mandatory life sentence that was previously required for an "A felony" under § 841(b)(1)(A). Parenthetically, this is *not* a retroactive application § 401(a)(2)(A)(ii) of the *First Step Act*.

Moore has been convicted of at least one serious drug felony, his mandatory minimum sentence is 10 years. 21 U.S.C. § 841(b)(1)(B)(iii).

The government objected and filed a brief. The defendant responded with a brief opposing the government, while also insisting upon a full (plenary) resentencing with all the bells and whistles.

I could write a long opinion, but that is unnecessary. Essentially, I agree with Judge Gerrard's approach. *United States v. Jonair Tyrece Moore*, No. 4:09-CR-3092, 2019 WL 3966168 (D. Neb. Aug. 22, 2019) (finding the defendant eligible for relief under the *First Step Act*, but in the exercise of discretion denying relief, thus leaving the prison sentence at 235 months). I summarize Judge Gerrard's thoughtful decision as follows:

> (1) under § 404(b) of *First Step Act*, one looks to the drug quantity alleged in the indictment to determine eligibility;

> (2) the *First Step Act* does not require a "plenary resentencing" to the extent that the court may revisit all issues considered by the sentencing judge—*the focus is only the changed statutory range as derived from the indictment* (and, presumably, the Guideline range impacted by application of the *First Step Act* through application of the *Fair Sentencing Act*);

> (3) when a judge grants relief, the judge is not "resentencing" the defendant—rather, the judge is essentially *reducing* the sentence similar to a sentence reduction under Federal Rule of Criminal Procedure 35 and, thus, the defendant need not be present and no hearing need be held;

(4) while the drug quantity found by the sentencing judge does not determine eligibility, the amount of drugs found by the sentencing judge is "highly relevant" when determining the extent of any reduction; and

(5) under the *First Step Act*, the judge has "unfettered discretion."

I should add this: Even if my summary of Judge Gerrard's opinion is inaccurate, that would not matter. The foregoing is what I independently conclude without chopping down a forest of trees to further elucidate my reasoning.

With the foregoing in mind, I now turn to the probation officer's sound analysis. First, he calculated the Guidelines.

The officer started with a base offense level of 36, which was bumped up by two points for obstruction of justice. Thus, the total offense level was 38. Note that Mr. Moore is a career offender. But even if he was not, Mr. Moore's 19 criminal history points placed him in criminal history category VI anyway.[3] The probation officer ultimately and accurately determined that Mr. Moore has a total offense level of 38 and a criminal history category of VI. This provides a Guideline custodial range of 360 months to life.

Then, the probation officer wrote[4]:

Public Safety:

> Mr. Moore's original sentence of life imprisonment was mandatory based on his conviction of a class A felony drug offense and the enhancement for two prior convictions for qualifying drug offenses.*

---

[3]Filing no. 228 at CM/ECF p. 17 ¶ 73 (original presentence report).

[4]Filing no. 389 at CM/ECF p. 2.

After application of the FIRST STEP ACT and the Fair Sentencing Act, Mr. Moore's original conviction would now be a class B felony with a statutory penalty of 5-40 years. That statutory penalty becomes 10 years-life with the finding of a prior conviction for a qualifying drug offense. Mr. Moore is accountable for a very large quantity of both cocaine base and cocaine. He received an enhancement for obstruction of justice and was deemed to be a career offender. He has a lengthy criminal history, most notably two previous convictions for controlled substance offenses that establish the career offender status.

Post Sentence Considerations:

Mr. Moore has completed general education courses and self-help courses. He has also participated in the drug education program while serving his sentence with the Bureau of Prisons. He has several disciplinary incidents, the most serious of which was possession of amphetamine in 2016.

18 U.S.C. 3553(a) Considerations:

Mr. Moore is eligible for a reduction in his sentence due to changes in the statutory requirements. However, the high end of his imprisonment range is still life. After consideration of all sentencing factors, a reduction in sentence to a term of 360 months appears sufficient to meet the goals of sentencing.

I have carefully considered all the statutory sentencing factors. I conclude that a reduction of Mr. Moore's sentence to 360 months is warranted.[5] I could go into a long exposition of why I have come to this conclusion, but that would be a waste of time. The following factors, though, warrant brief mention:

---

[5] Assuming, without deciding, that I have the power under the *First Step Act* to reduce the sentence below 360 months by a variance or a departure, I would not do so. Mr. Moore's possession of amphetamine in 2016 while in prison is a good illustration of why that is so. There are other reasons, but it is unnecessary to articulate them.

1. In this large family conspiracy, those who entered guilty pleas got substantially lower sentences.[6]

2. The two other defendants who made the fateful decision to go trial received prison sentences of 135 months[7] and 292 months, later reduced to 235 months.[8]

3. If I reduce his sentence to 360 months, Mr. Moore, who is now 46 years of age and who has served roughly 10 years already, will likely be in his sixties when released from prison, and because of that, he will be far less likely to continue with a life of significant crime.

4. Unlike at least one other person on my docket with a life sentence who may have been eligible for a reduction to 360 months and for whom I refused to grant relief,[9] Mr. Moore's history and propensity for violence pales in comparison.

IT IS ORDERED that the motion to reduce sentence, Filing no. 386, is granted to the extent that Mr. Moore's prison sentence is reduced to 360 months. The motion is otherwise denied. A separate amended judgment (AO 245C) will be filed.

---

[6] Filing no. 228 at CM/ECF pp. 4-5 ¶¶ 10-19.

[7] Filing no. 197 (Jobita Willetta Avery is Mr. Moore's sister).

[8] *United States v. Jonair Tyrece Moore*, No. 4:09-CR-3092, 2019 WL 3966168 at *1 (Jonair Tyrece Moore is Mr. Moore's cousin).

[9] *United States v. Johnson*, 4:97CR3002, Filing no. 261, Filing no. 256 at CM/ECF p. 5.

DATED this 22nd day of October, 2019.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge